IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ELLE MELISSA MCKAY, | ) | Appeal No. _____ |
| | ) | |
| Debtor. | ) | United States Bankruptcy Court |
| ──────────────────── | ) | Case No.  03-36285-tmb7 |
| | ) | |
| ELLE MELISSA MCKAY, | ) | Adversary Proceeding |
| | ) | Case No.  06-3182-tmb |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| THE VANDERBILT UNIVERSITY, a | ) | |
| Tennessee non-profit corporation, and | ) | |
| JOHN B. INGLESON, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| ──────────────────── | ) | |

Terrance J. Slominski
Slominski & Associates
7150 S.W. Hampton, Suite 201
Tigard, Oregon  97223

Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Tara Schleicher
Farleigh Witt
121 S.W. Morrison Street, Suite 600
Portland, Oregon  97204

       Attorney for Defendant The Vanderbilt University

David B. Gray
Swensen & Gray
5911 S.E. 43rd Avenue
Portland, Oregon  97206

       Attorney for Defendant Ingelson

KING, Judge:

Before this court is an appeal of the final judgment entered by the Bankruptcy Court on September 15, 2006.  The issue concerns the dischargeability of a debt owed by debtor to The Vanderbilt University ("Vanderbilt").  The Bankruptcy Court granted summary judgment in defendants' favor:  (1) that the debt is an educational loan under 11 U.S.C. § 523(a)(8) and is nondischargeable; and (2) that defendants did not violate the discharge injunction.  For the reasons below, I affirm the rulings of the Bankruptcy Court.

## FACTS

Vanderbilt is a non-profit corporation doing business in Tennessee as a provider of educational services.

On October 2, 1996, debtor executed a Graduate and Professional Student Account and Deferment Agreement ("Agreement") in which she agreed to pay for educational services she obtained from Vanderbilt.  The Agreement provides a due date for all amounts deferred until November 30 for all fall semester charges, April 30 for all spring semester charges, and one week prior to the beginning of fall semester classes for summer sessions.  The Agreement also

Page 2 - OPINION AND ORDER

provides that any balance not paid by the end of each calendar month is assessed a fee of 1.5% per month. The Agreement provides for recovery of attorney fees and collection costs incurred in collection of unpaid balances due under the Agreement.

Debtor used the Agreement to enable her to attend Vanderbilt for Spring Term 1997. Under the Agreement, tuition was loaned to debtor on November 21, 1996 and repayment was due on April 30, 1997. Other charges incurred under the Agreement were for course-related fees, housing, activity and recreation fees, dining, vending machines, on-campus laundromats, Vanderbilt bookstore charges, copy charges for the Vanderbilt on-campus copy facility, and prescription medications.

On June 4, 2003, debtor filed a voluntary petition for bankruptcy under Chapter 7. On September 17, 2003, the Bankruptcy Court issued an Order discharging debtor's debts and closed the case. During the bankruptcy case, debtor took no action to seek a specific determination that her debt to Vanderbilt was discharged.

Vanderbilt obtained a judgment against Debtor on the amount due under the Agreement in the sum of $38,250.53.

Debtor filed an adversary proceeding in the Bankruptcy Court against Vanderbilt and John Ingleson, the attorney who obtained the judgment. The Complaint alleged that the debt was discharged and defendants violated the discharge injunction by attempting to collect the debt. The Bankruptcy Court granted summary judgment in defendants' favor: (1) that the debt is an educational loan under 11 U.S.C. § 523(a)(8) and is nondischargeable; and (2) that defendants did not violate the discharge injunction.

**LEGAL STANDARDS**

A bankruptcy court's conclusions of law are reviewed de novo. Its findings of fact are reviewed for clear error. The question of dischargeability of a debt is a mixed question of fact and law that is reviewed de novo. Miller v. United States, 363 F.3d 999, 1003-04 (9th Cir. 2004).

**DISCUSSION**

Student loans are an exception to dischargeability of debts in bankruptcy.

> Congress enacted § 523(a)(8) because there was evidence of an increasing abuse of the bankruptcy process that threatened the viability of educational loan programs and harm to future students as well as taxpayers. Congress recognized that this is an instance where a creditor's interest in receiving full payment of the debt outweighs the debtor's interest in a fresh start.

In re Renshaw, 222 F.3d 82, 87 (2nd Cir. 2000).

The exception has been expanded several times. Id. at 87-88. In 2003, the statute read:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
>     . . . .
>
> (8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to repay funds received as an education benefit, scholarship or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents;

11 U.S.C. § 523.

Debtor argues that her debt to Vanderbilt is not a student loan as defined by this statute. She characterizes the Agreement as an open-ended credit agreement which does not have terms that resemble the terms of a loan. In particular, she contends that the Agreement fails to qualify

Page 4 - OPINION AND ORDER

as a student loan under § 523(a)(8) because of the Agreement's "failure to quantify the educational benefit being conferred upon Debtor and to set forth adequate loan repayment terms reflecting that the amount being repaid is the value of the benefit received by Debtor." Pl.-Appellant's Opening Br. at 5.  Debtor argues that the Agreement does not contain a promise by her to pay anything let alone a sum certain.

The term "loan" is not defined in the Bankruptcy Code.  Consequently, courts vary in how broadly they define the term.  In re Johnson, 218 B.R. 449 (B.A.P. 9th Cir. 1998), discusses the different groups that have emerged.  Some courts "[held] that a loan does not arise unless and until there is an actual advance of *money* to the debtor."  Id. at 455 (emphasis in the original). See, e.g., New Mexico Inst. of Mining & Tech. v. Coole, 202 B.R. 518 (Bankr. D.N.M. 1996). Other cases required a written agreement executed contemporaneously with the extension of credit.  Johnson, 218 B.R. at 455.  See, e.g., Dakota Wesleyan Univ. v. Nelson, 188 B.R. 32 (D.S.D. 1995).  Other courts rejected formulaic definitions of "loan" in favor of a flexible interpretation that "emphasizes the substance of the transaction and the underlying intent of the parties."  Johnson, 218 B.R. at 455.  See, e.g., United States Dep't of Health and Human Servs. v. Avila, 53 B.R. 933 (Bankr. W.D.N.Y. 1985).  Johnson noted that the circuit courts which addressed the issue adopted a broad definition of "loan."  Johnson, 218 B.R. at 455-56.  Finally, some courts held that "short-term, unmemorialized extensions of credit" constitute loans under the Act.  Id. at 456.  See, e.g., Najafi v. Cabrini College, 154 B.R. 185 (Bankr. E.D. Pa. 1993), abrogated by In re Mehta, 310 F.3d 308 (3rd Cir. 2002).

Johnson also reviews the legislative history concerning discharging student loans and how the stories of deadbeat students "discharging their educational obligations on the eve of

Page 5 - OPINION AND ORDER

lucrative careers" caused Congress to limit the dischargeability of student loans for the first time in 1976. Id. at 451-52. Congress increasingly limited dischargeability over the years. Id. at 452-54.

Based on my review of the case law and the legislative history explaining the reason for making student loans nondischargeable, I agree with the courts that use a broader definition of "loan." I adopt the analysis as explained in Roosevelt University v. Oldham, 220 B.R. 607, 612-13 (Bankr. N.D. Ill. 1998):

> [T]he Court adopts the view that the nature of the debt, if for some clear educational benefit to the debtor, should be the principal focus for determining whether the exception of § 523(a)(8)(A) should apply. The court adheres to the view that the substance of the debt and what it was incurred for should control over the form in which the debt is created or structured.

I am unpersuaded by the cases relied upon by debtor. In re Renshaw, 222 F.3d 82 (2nd Cir. 2000), performs a long analysis of the Reservation Agreement signed by the student prior to enrollment. The court concluded that the agreement's purpose was to notify the student of the college's fees and to obligate him to pay the fees even if he stopped attending classes. Although there were penalties for failure to pay fees when due, the court interpreted the agreement as not obligating the school to permit a student with unpaid bills to attend classes. Id. at 89.

The court concluded that the documents in Navarro v. University of Redlands, 284 B.R. 727 (Bankr. C.D. Cal. 2002) did not amount to a student loan under the Act because there was no agreement prior or contemporaneous to enrollment that the student could attend classes and pay for the tuition at a later date. The documents "merely stated that the student would be responsible for fees and tuition." Id. at 733. Here, debtor executed the Agreement prior to starting classes and did not have to pay tuition until most of the way through the semester.

Ohio University v. Hawkins, 317 B.R. 104 (B.A.P. 2004), aff'd, 469 F.3d 1316 (9th Cir. 2006), is easily distinguishable. The agreement required a medical student who did not practice medicine in the state for five years after completion of the medical education to pay liquidated damages in the sum of the "then existing subsidized costs . . . to provide medical education to one medical student." Id. at 107. The defaulting student was not obligated to pay the tuition and fees she incurred but had to pay the tuition to educate a student to replace her, calculated at a future date. The money owed was damages calculated through a formula rather than what was owed by the student.

> The Agreement executed by the debtor before me states:
>
> Whereas the below signed Student wishes to accept responsibility for payment for the educational services which from time to time may be purchased from Vanderbilt University including tuition, room, campus dining, flexible spending account, V-Net, activity and recreation fees, library charges, traffic fines, and other University charges during student's enrollment at Vanderbilt University; and
>
> Whereas Student and Guarantors desire the convenience of deferring payment for such educational services charged to the account for which Student will be billed monthly;
>
> Therefore, in consideration of Vanderbilt's extension of credit from month to month for the purchases of such services, Student and Guarantor agree to the following Terms and Conditions of Student's Vanderbilt Student Account Agreement.

ER at 9. The terms include: (1) monthly billing; (2) the balance may be paid in full at any time; (3) unpaid balances at the end of each month are assessed a late fee of 1.5%; (4) amounts deferred are due on specific dates near the end of each semester; (5) the student is responsible for attorney fees and collection costs; and (6) Vanderbilt reserves the right to apply further charges,

to condition enrollment on payment in full, and to withhold records and the diploma until the balance is paid in full.

The nature of the debt was to provide debtor the convenience of charging tuition and related educational expenses to an account which would be paid monthly or late fees would be added. Deferred amounts were to be paid in full by dates certain near the end of each semester. In addition to the convenience, the educational benefit to debtor was that she could start classes without paying tuition up front. I conclude that this is a student loan as contemplated by § 523(a)(8). Consequently, the debt is nondischargeable. Because the debt was not discharged, defendants did not violate the discharge injunction by attempting to collect it.

## CONCLUSION

I affirm the Bankruptcy Court's rulings. Defendants Vanderbilt's and Ingleson's Motions for Summary Judgment are granted in defendants' favor: (1) that the debt owed to Vanderbilt is an educational loan under 11 U.S.C. § 523(a)(8) and is nondischargeable; and (2) that defendants did not violate the discharge injunction as alleged in plaintiff's Complaint. Plaintiff's Partial Motion for Summary Judgment is denied.

IT IS SO ORDERED.

Dated this   19th   day of March, 2007.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge